NOT DESIGNATED FOR PUBLICATION

No. 122,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARMANI RAYMON MASON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed January 29, 2021. Appeal dismissed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., POWELL, J., and MCANANY, S.J.

PER CURIAM:  In August 2019, Armani Raymon Mason, in line with a plea agreement with the State, pled guilty to felony fleeing or attempting to elude an officer, misdemeanor theft, and misdemeanor criminal damage to property. In exchange, the State dismissed a charge of driving without a license and recommended the low grid box number for the fleeing or attempting to elude conviction and concurrent six-month sentences for the theft and criminal damage to property convictions. At sentencing the district court imposed a controlling sentence of 25 months but granted Mason 12 months of probation.

1

Mason requested that the district court approve an interstate compact application so that his probation could be served and supervised in Tacoma, Washington, where his parents lived. In considering this request the court stated:

"[A]long with compliance with the other probation conditions, before I approve an interstate compact request, I want Mr. Mason to have spent the 12:00 to 1:00 hour on the northeast corner of Central and Main with a sign that says 'Stealing is wrong.' If that occurs, then I will approve an interstate compact application. If it does not, I will not."

When Mason later moved the court to reconsider, the court removed the sign requirement as a condition for granting Mason's interstate compact application but ordered Mason to hold the sign as a condition of his probation regardless of whether he applied for the interstate compact.

Mason appealed his sentence, arguing that ordering him to hold the sign was not statutorily authorized by K.S.A. 2019 Supp. 21-6607(b) as a condition of his probation, and that ordering him to carry the sign was a punitive measure not reasonably related to rehabilitation. There is nothing in the record to indicate Mason ever complied with the district court's sign-carrying order before this appeal was filed or while this appeal has been pending.

The State contends the appeal is moot because, in June 2020, Mason was convicted of speeding, failure to provide proof of insurance, and lack of a valid driver's license which resulted in the district court revoking his probation and ordering him to serve his underlying sentence in our present case. Thus, the State contends, Mason is no longer subject to the district court's order in our case that he carry the "Stealing is wrong" sign. Mason does not address this issue in his original brief and has not filed a reply brief to respond to this contention raised in the State's brief.

2

Whether a case is moot is an issue of law over which our review is unlimited. Here, the actual controversy over whether Mason should be required to carry a sign has ended with the revocation of Mason's probation, and the only judgment we could enter would not affect the rights of either party, rendering the issue moot and subject to dismissal. See *State v. Roat*, 311 Kan. 581, 584, 466 P.3d 439 (2019).

A final "determination of mootness must . . . include analysis of whether an appellate judgment on the merits would have meaningful consequences for any purpose, including future implications." 311 Kan. at 592-93. Mason has the burden "to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593. Mason has made no showing of a substantial interest, nor does he claim that an exception to the mootness doctrine applies. See *State v. Kinder*, 307 Kan. 237, 244, 408 P.3d 114 (2018). Accordingly, we conclude that Mason's appeal is moot and should be dismissed.

Appeal dismissed.